# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 04-2958

ABIDA PERVAIZ,

*Petitioner*,

v.

ALBERTO R. GONZALES,

*Respondent.*

_____

On Petition for Review of an Order of
the Board of Immigration Appeals.
No. A 72 104 055

_____

SUBMITTED MARCH 21, 2005—DECIDED APRIL 18, 2005

_____

Before BAUER, POSNER, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. Abida Pervaiz, a Pakistani, came to the United States in 1991 on a tourist visa, overstayed, and eventually applied for asylum or alternatively for withholding of removal. On January 31, 2002, the immigration service informed her lawyer that the hearing on Pervaiz's claim of asylum would be held on January 24, 2003, at 1 p.m. On May 15, 2002, the service sent the lawyer a letter stating that the time of the hearing had been changed from 1 p.m. to 9 a.m. January 24, 2003, arrived, and Pervaiz and her

lawyer showed up for the hearing—at 1 p.m.—only to be told that because she had failed to appear at 9, her claim for asylum had been deemed abandoned and she had been ordered, in absentia, removed.

On May 8, 2003, her lawyer filed a motion to reopen the asylum proceeding and set aside the in absentia removal order. 8 U.S.C. § 1229a(b)(5)(C)(ii). The motion stated that the lawyer hadn't received notice of the change in the time of the hearing, but it cited no statutory or other basis for rescinding the order of removal on this ground. The immigration judge denied the motion on June 13, 2003, stating cryptically (but the motion had been cryptic) that "counsel for [Pervaiz] has failed to establish that notice upon her was defective, and the presumption of adequate notice has not been rebutted. Based on the foregoing, her motion to reopen must be denied."

Pervaiz retained another lawyer, who on April 15, 2004, filed, this time with the Board of Immigration Appeals, before which the appeal from the June 13 ruling was pending, another motion to reopen. The ground was that the order would not have been issued had it not been for ineffective assistance by her first lawyer. Although the constitutional doctrine of ineffective assistance of counsel, being an interpretation of the Sixth Amendment's right to counsel in criminal cases, is inapplicable to civil litigation—including removal, *Stroe v. INS*, 256 F.3d 498, 499-501 (7th Cir. 2001)— the Board of Immigration Appeals has, in the exercise of its discretion, decided that ineffective assistance can be a ground for forgiving a failure to comply with required procedures. *Id.* at 501. The government does not challenge the Board's claim to have this discretionary authority.

On July 1, 2004, the Board of Immigration Appeals both affirmed the immigration judge's ruling of June 13 on the ground that notice to Pervaiz's lawyer of the change in the

time of the hearing was all the notice that was required, and denied the second motion to reopen on the ground that it had been filed after the 180-day statutory deadline for motions to reopen in absentia proceedings. The first ruling was correct at least in the sense that mailing notice of a hearing date to the alien's lawyer at his correct address is notice to the alien, even if the notice doesn't arrive. 8 U.S.C. § 1229(a)(2)(A); *Wijeratne v. INS*, 961 F.2d 1344, 1347 (7th Cir. 1992); *Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003); *Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam); *Anin v. Reno*, 188 F.3d 1273, 1277 (11th Cir. 1999) (per curiam). Thus the notice was not defective. But the ruling wasn't responsive to the motion, the basis of which was that the notice hadn't arrived, not that it had been mailed to the wrong address, or not mailed at all, or that it should have been sent to the alien rather than to her lawyer. (On the distinction between notice and receipt see *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004).) At any rate, Pervaiz challenges only the denial of the second motion to reopen.

The 180-day deadline is not, as the Board believed, juris-dictional. *Borges v. Gonzales*, 2005 WL 712367, at *1 (3d Cir. March 30, 2005). It is merely a statute of limitations and is therefore subject to equitable tolling. *Id.*; *Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999); see also *Joshi v. Ashcroft*, 389 F.3d 732, 734-35 (7th Cir. 2004); *Harchenko v. INS*, 379 F.3d 405, 409-10 (6th Cir. 2004); *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1188 (9th Cir. 2001) (en banc); *Iavorski v. INS*, 232 F.3d 124, 129-30 (2d Cir. 2000). (If it were jurisdictional, it would not be subject to tolling. *Stone v. INS*, 514 U.S. 386, 405 (1995); *Nowak v. INS*, 94 F.3d 390, 391 (7th Cir. 1996).) The govern-ment argues that, even so, it is plain that Pervaiz waited too long before filing the second motion to reopen to be able to

appeal to the doctrine of equitable tolling—so plain that the Board's failure to address the issue was a harmless error. The ruling that she was challenging—the in absentia order of removal—had been issued on January 24, 2003. The 180th day after that was July 23, 2003, and she did not file the second motion to reopen until April 15, 2004, which was almost nine months later.

But the test for equitable tolling, both generally and in the immigration context, is not the length of the delay in filing the complaint or other pleading; it is whether the claimant could reasonably have been expected to have filed earlier. *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004); *Shropshear v. Corporation Counsel*, 275 F.3d 593, 595 (7th Cir. 2001); *Borges v. Gonzales*, *supra*, at *6; *Socop-Gonzalez v. INS*, *supra*, 272 F.3d at 1193; *Iavorski v. INS*, *supra*, 232 F.3d at 134. Bearing in mind the sheer injustice, at least as it would seem to a layman, of the immigration judge's denying a claim of asylum merely because the claimant showed up four hours late for a hearing, when it seems that the only reason for her tardiness was that she hadn't learned of the time change, Pervaiz could reasonably expect that the first motion to reopen would be granted. When on June 13, 2003, it was denied, a claim for ineffective assistance of counsel arose; and consistent with our earlier discussion, ineffective assistance of counsel is a possible ground for relief from an in absentia order of removal. *Borges v. Gonzales*, *supra*, at *7; *Asaba v. Ashcroft*, 377 F.3d 9, 11 n. 4 (1st Cir. 2004); *Lo v. Ashcroft*, 341 F.3d 934, 936-37 (9th Cir. 2003); *In re Rivera-Claros*, 21 I. & N. Dec. 599, 607 (BIA 1996); *In re Grijalva-Barrera*, 21 I. & N. Dec. 472, 473-74 (BIA 1996).

But to pursue this route required Pervaiz to find another lawyer, who in turn had to research the facts and the law before he could file a second motion to reopen. All this should not have taken nine months. But bearing in mind

that Pervaiz is a foreigner who may, therefore, have more than the average difficulty in negotiating the shoals of American law, and that the second motion to reopen was filed while the appeal from the denial of the first motion was pending before the Board of Immigration Appeals and could be and was consolidated with the earlier motion, so that the delay in filing the second motion caused little or no inconvenience, let alone prejudice, to anyone, we cannot say as a matter of law that the Board could not find that the deadline had been tolled, as has been found in other cases. See, e.g., *Borges v. Gonzales, supra*, at *6; *Singh v. Ashcroft*, 367 F.3d 1182, 1185-86 (9th Cir. 2004); *Riley v. INS, supra*, 310 F.3d at 1258; *Lopez v. INS, supra*, 184 F.3d at 1099-1100; *Iavorski v. INS, supra*, 232 F.3d at 127.

A remand would be futile were it clear that Pervaiz's claim of ineffective assistance of counsel must fail. But it is not. Her first lawyer led the immigration judge and Board of Immigration Appeals into error by failing to distinguish between the *adequacy* of notice of a hearing and the *receipt* of the notice, an elementary distinction. As we explained in *Joshi v. Ashcroft, supra*, 389 F.3d at 736, if the alien can prove that the notice was not received by herself or her agent (here, her lawyer), though duly mailed, she is entitled to relief. See also 8 U.S.C. § 1229a(b)(5)(C)(ii); *Gurung v. Ashcroft, supra*, 371 F.3d at 722; *In re Grijalva*, 21 I. & N. Dec. 27, 36-37 (BIA 1995). Pervaiz's first lawyer failed to argue this. The oversight, which is not contended to have had a tactical purpose (though it might have—an alien who has no defense to removal may hope by failing to show up at his hearing to buy time by getting the hearing rescheduled on one ground or another), could be thought ineffective assistance of counsel. Cf. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Cooper v. United States*, 378 F.3d 638, 640-41 (7th Cir. 2004); *De*

*Zavala v. Ashcroft*, 385 F.3d 879, 864 (5th Cir. 2004). We do not prejudge the issue, however.

The petition for review is granted and the case remanded to the Board of Immigration Appeals for further proceedings consistent with this opinion.

A true Copy:

    Teste:


                              _____

                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*