UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 8, 2006
Decided July 6, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Nos. 05-2216, 05-3756

| | |
|---|---|
| TAREQ A. SHEHADEH, <br> *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A78 871 370 |
| ALBERTO R. GONZALES, <br> *Respondent.* | |

**O R D E R**

Shehadeh entered the United States in 1995 as a nonimmigrant visitor and overstayed. In April 2003, he was required to register with the Department of Homeland Security (DHS) as a citizen of Jordan under the National Security Entry-Exit Registration System (NSEERS). On March 25, 2003, he married a U.S. citizen. After he registered, a Notice to Appear (NTA) charged him with removability.

On June 9, 2003, Shehadeh's wife filed an I-130 "immediate relative" petition on his behalf. At the June 11, 2003, removal hearing, Shehadeh admitted the factual allegations in the NTA and conceded that he had remained longer than permitted. The immigration judge (IJ), however, granted a continuance so that he could present evidence regarding the validity of his marriage. At the continued hearing, rather than

present evidence, Shehadeh requested another continuance pending adjudication of the I-130 petition. The IJ in his discretion denied this second request for a continuance and found Shehadeh removable, and the Board of Immigration Appeals (BIA) affirmed without opinion. On June 28, 2005, U.S. Citizenship and Immigration Services (CIS) denied the I-130 petition. The BIA denied Shehadeh's motion to reopen the removal proceedings on September 14, 2005. Shehadeh then filed this petition for review.

Shehadeh challenges the IJ's denial of his continuance motion, an issue which is now moot. A case "is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Even if Shehadeh were to prevail on this challenge, the relief he seeks is a remand to the IJ pending adjudication of the I-130 petition. Because that petition was denied on June 28, 2005, however, a remand now would effectuate no change in the case. As a result, Shehadeh's challenge to the IJ's continuance denial is moot. *See Qureshi v. Gonzales*, 442 F.3d 985, 988 (7th Cir. 2006).

Shehadeh also claims that the BIA abused its discretion in denying his motion to reopen the removal proceedings. This claim presents a 'live' controversy because we remain capable of fashioning an appropriate form of relief. *See Pervaiz v. Gonzales*, 405 F.3d 488, 491 (7th Cir. 2005) (ordering remand for a hearing on petitioner's ineffectiveness claim). We review the BIA's denial of a motion to reopen for abuse of discretion. *Uriostegui v. Gonzales*, 415 F.3d 660, 663 (7th Cir. 2005). The motion to reopen was based on Shehadeh's claim that he received ineffective assistance of counsel before the IJ and the BIA. According to Shehadeh, his counsel's failure to submit evidence in a timely manner caused the IJ to question the validity of the marriage and therefore to deny the continuance motion.

As we have held, however, "there is no constitutional ineffective-assistance doctrine" in removal proceedings. *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005). Aliens are entitled to due process, not "a right to good lawyering." *Id.* Although ineffective assistance can constitute a valid ground for reopening in "egregious circumstances," *Stroe v. I.N.S.*, 256 F.3d 498, 501 (7th Cir. 2001) (citing *In Re Lozada*, 19 I & N Dec. 637 (BIA), aff'd, 857 F.2d 10 (1st Cir. 1988)), this relief derives from the BIA's discretion rather than constitutional imperative. When reviewing an ineffectiveness claim, the BIA must "do so carefully and rationally." *Magala*, 434 F.3d at 526. Under this standard, we cannot say that the BIA here abused its discretion.

Its opinion demonstrated a thorough review of the facts relevant to the ineffectiveness claim and an application of BIA precedent to those facts. After acknowledging that Shehadeh satisfied the procedural requirements of *In re Lozada*, 19 I & N Dec. 637, the BIA found that he failed to establish prejudice, as required for an ineffectiveness claim under *In Re Assaad*, 23 I & N Dec. 553 (BIA 2003). To

demonstrate prejudice in the removal context, "a petitioner must produce 'concrete evidence' indicating that the due process violation 'had the potential for affecting' the outcome of the hearing." *Ambati v. Reno*, 233 F.3d 1054, 1061 (7th Cir. 2000) (quoting *Kuciemba v. I.N.S.*, 92 F.3d 496, 501 (7th Cir. 1996)). The BIA's review of the record revealed that Shehadeh and his wife live and support themselves separately. The BIA additionally considered the absence of a filed I-485 form, which would support the conclusion that the marriage would continue. Even the affidavits of, and on behalf of, Shehadeh indicated that the relationship was unlikely to last. On those facts, the BIA reasoned, the IJ would still have denied the continuance and found Shehadeh removable on the ground that the visa petition would not succeed. *See Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006) (describing "the ultimate hopelessness" of petitioner's application for adjustment of status as "a perfectly acceptable basis for the IJ's exercise of discretion"). In fact, the visa petition did not succeed. CIS denied it, probably because "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c)(2). The petition had already been denied by the time the BIA denied the motion to reopen, so that the IJ could not then have granted the continuance motion. Because the motion would have been denied in any event, any alleged ineffectiveness did not prejudice the result. *See Velarde-Pachecho*, 23 I & N Dec. 253, 257 (BIA 2002); *see also Pervaiz*, 405 F.3d at 491 (stating that remand is "futile" where the ineffectiveness claim would clearly fail). Accordingly, we cannot say that the BIA abused its discretion in denying the motion to reopen.

Shehadeh lastly claims that the BIA should have considered: (1) whether he was in fact a citizen of Jordan, as he conceded at the removal hearing; and (2) whether statutes concerning abused spouses applied to his situation. *See* 8 U.S.C. §§ 1154(a)(1)(A), 1229b(b)(2). We have no jurisdiction to review these claims because he did not raise them before the BIA in order to exhaust administrative remedies. *See Margos v. Gonzales*, 443 F.3d 593, 599 (7th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)). The BIA acted within its authority in denying the motion to reopen. Shehadeh's petition for review is

DISMISSED IN PART AND DENIED IN PART.