UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 19, 2005
Decided July 21, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 04-1070

| | |
|---|---|
| SWEDENBORG PABLO and AMELIA PABLO, | Petition for Review of an Order of the Board of Immigration Appeals |
| *Petitioners,* | |
| *v.* | Nos. A72-114-957 and A72-114-958 |
| ALBERTO R. GONZALES, Attorney General of the United States, | |
| *Respondent.* | |

## O R D E R

Swedenborg and Amelia Pablo petition for review of the Board of Immigration Appeals' order denying their motion to reopen as untimely. The Pablos concede that their motion was filed more than 90 days after the Board's final decision, but they argue that their delay was justified because they did not receive notice of the Board's final decision. The Pablos also argue that they are not statutorily barred from adjusting their status, because exceptional circumstances excuse their failure to depart within the 30-day voluntary departure period. We conclude that the Board acted within the bounds of its discretion, and we therefore deny the petition for review.

**I**

The Pablos, husband and wife, are Philippine nationals. Once placed in immigration proceedings, they conceded removability, but they sought asylum and withholding of removal based on Swedenborg's fear of persecution by the police because of his opposition to the Philippine government. He based this claim primarily on one particular incident, when he was shot by the police at a rally he had helped to organize to protest the eviction of indigent squatters from Pasay City. He discovered afterwards, through a newspaper article, that the police were searching for him, because they believed that he had instigated the violence. An immigration judge denied the Pablos' application for relief in August 1998, and they appealed to the Board. While their appeal was pending, they moved in December 1999 from their home at 313 Stratford Circle, Streamwood, Illinois, to a new residence at 1436 N. Greenmeadows Blvd., also in Streamwood. Neither the Pablos nor their counsel at the time, Alexander Vrbanoff, informed the Board of this change of address.

Evidently this was not Vrbanoff's only dereliction of duty: the Supreme Court of Illinois suspended him from practicing law in March 2001, and he filed a motion with the Board asking permission to withdraw from all of his pending cases. Before granting the motion, the Board required him to provide current addresses for all of his clients with pending appeals. Vrbanoff incorrectly provided the Board with the Pablos' former address. So informed, the Board used the old address when, on December 4, 2002, it mailed its decision to the Pablos affirming the IJ's decision and granting them voluntary departure within 30 days. The Pablos assert that they never received the Board's decision.

Vrbanoff was reinstated to practice in 2003, at which point he resumed his representation of the Pablos. On March 27, 2003, believing that their appeal was still pending before the Board, Vrbanoff moved the Board to remand the proceedings so that they could adjust their status based on an approved third-preference permanent resident visa. The Board treated this filing as a motion to reopen and denied it as untimely, because it was filed more than 90 days after the Board had issued its final decision. See 8 C.F.R. § 1003.2(c)(2).

Upon receiving this denial and learning that the Board had issued its final decision in December 2002, Vrbanoff filed a second motion to reopen on behalf of the Pablos, in which he informed the Board that the Pablos had never received notice of the decision. Had they been notified, they argued, they "would have filed any necessary motions or appellate documents prior to being time barred." They supported the second motion only with a copy of the client address list that Vrbanoff

had given the Board when he withdrew from his pending cases. Later, the Pablos filed a "Supplement to Motion to Re-open by Board Certification," in which they argued that changed conditions in the Philippines warranted reopening. They supported the latter claim with an assertion that their son, who attended university in the Philippines, had "received several oral and written death threats from individuals claiming to be associated with the New People's Army . . . a communist insurgent group that the Philippine Government is unable to control." To corroborate their story, they provided a police report filed by their son in July 2003, stating that family members of the New People's Army physically attacked him in May 2003 and began threatening his life in July 2003.

The Board denied the second motion to reopen. It noted that its final decision was sent to the address that Vrbanoff had submitted and that "no evidence, such as an affidavit, [had] been submitted to support the argument that the Board's decision was not received." In addition, the Board found that the Pablos were barred from adjusting their status because they had failed to depart within the permitted period for voluntary departure, and they had presented no evidence that their failure to do so was caused by exceptional circumstances. Finally, the Board determined that the Pablos had failed to explain how their son's police report demonstrated changed conditions that would warrant reopening of their case. The Pablos have petitioned for review from the Board's two decisions refusing to reopen their case.

## II

The Pablos' first argument on appeal appears to rely on the notion of equitable tolling. Because they never received notice of the Board's final decision of December 2002, the 90-day period in which to file a motion to reopen was never triggered, in their view. Moreover, they continue, the Board should have known that they never received the final decision, because the administrative record contains an envelope, bearing a postmark of the date of the Board's decision, that was returned to the Board as undeliverable. Under the circumstances, they claim, they should be excused from complying with the ordinary deadlines.

We review the Board's decision to deny a motion to reopen under the deferential abuse of discretion standard. *Patel v. Gonzales,* 442 F.3d 1011, 1016 (7th Cir. 2006). Time limits for motions to reopen are properly characterized as procedural in nature, not jurisdictional, and thus they are in principle subject to equitable tolling. See *Patel*, 442 F.3d at 1016. See also *Chen v. Gonzales*, 437 F.3d 267, 269 (2d Cir. 2006); *Ray v. Gonzales*, 439 F.3d 582, 589 (9th Cir. 2006)*; Pervaiz v. Gonzales,* 405 F.3d 488, 490 (7th Cir. 2005) (180-day time limit for motions to reopen *in absentia* removal proceedings); *Harchenko v. INS,* 379 F.3d 405, 409-10 (6th Cir. 2004); *Riley v. INS,* 310 F.3d 1253, 1258 (10th Cir. 2002). Equitable tolling

is warranted when the noncitizen could not have been expected to file his or her claim earlier. *Patel*, 442 F.3d at 1016; *Pervaiz,* 405 F.3d at 490.

The Pablos have not presented a convincing reason to find that their lateness should be excused. A noncitizen with an appeal pending before the Board has an affirmative duty to provide the Board with written notice of a change of address within five working days. 8 C.F.R. § 1003.38(e). Although the Pablos were represented by counsel, "[l]awyers' errors in civil proceedings are imputed to their clients." *Ajose v. Gonzales,* 408 F.3d 393, 395 (7th Cir. 2005) (tardy motion to reopen not justified because counsel failed to inform the Board of his new mailing address). Not only did Vrbanoff fail to update the Pablos' address when they moved, but he provided the Board with an incorrect address for them 19 months later when he withdrew his representation. Although there is a narrow way in which persons in removal proceedings can attempt to show ineffective assistance of counsel, see *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988), the Pablos have not attempted to meet these requirements. Vrbanoff's errors must therefore be imputed to them.

The Pablos also argue, as we understand them, that their failure to depart voluntarily within the 30 days the Board allotted should be excused because of exceptional circumstances. Because they were subject to deportation prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act, their failure voluntarily to depart is analyzed under the voluntary departure statute in effect at that time. See IIRIRA, Pub. L. No. 104-208, § 309(c), 110 Stat. 3009-546, 625-627 (1996). Under the prior law, failure to comply with a voluntary departure order could be excused if "exceptional circumstances" prevented the noncitizen from leaving. See 8 U.S.C. § 1252b(e)(2)(A) (repealed 1996). The Pablos argue that the attacks and death threats against their son constituted exceptional circumstances. But the police reports that they submitted with the supplement to their motion to reopen show that the attacks and threats postdated the Board's decision. The attacks allegedly began in May 2003, well after the Board's final decision of December 4, 2002.

Finding no abuse of the Board's discretion in its evaluation of these arguments, we **DENY** the petition for review.