NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 11, 2007
Decided December 4, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3399

| | |
|---|---|
| KONG ZHU GAO,<br>　　*Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
| 　　*v.* | No. A72-929-327 |
| MICHAEL B. MUKASEY,<br>　　*Respondent*. | |

**O R D E R**

Gao was ordered to depart the United States in 1999, but he stayed in the country and, more than five years later, he filed two motions to reopen the removal proceedings, claiming that his attorney in those proceedings was ineffective. He appeals the denial of his second motion to reopen. Because the BIA did not abuse its discretion in denying Gao's motion to reopen for his lack of diligence in pursuing his motion to reopen, we deny his petition.

Gao, who is from the Fujian province in China, was seventeen in 1996 when he entered the United States at Los Angeles's LAX without a valid passport or U.S. visa. He was promptly placed in removal proceedings. After his removal hearing was continued several times, Gao's attorney, Marian S.K. Ming, prepared and presented to the IJ an application for asylum on Gao's behalf. The IJ rejected it for

lacking a table of contents but granted another continuance. At the ensuing hearing, in April 1999, Gao again attempted to file an asylum application, but it also was rejected, for not being filed within the one-year deadline, *see* 8 C.F.R. § 208.4(a)(2)(ii). At a subsequent hearing, Gao withdrew his application, and he was ordered to depart the United States. He waived appeal.

Gao never departed the United States. Instead, he fathered a child in 2002 and married the child's mother, a United States citizen, in 2004. In October 2004, Gao's then-attorney, Joan Xie, moved to reopen the 1999 removal proceedings to allow Gao to adjust his status based on his marriage. The IJ denied the motion as untimely because it had not been filed within 90 days of the final order in the removal proceedings. Gao again did not appeal.

In June 2005 Gao, represented by Douglas Payne, filed a second motion to reopen, claiming generally that attorney Ming had provided ineffective assistance in the original removal proceedings. Gao asked the IJ to reopen his case so that he could apply for asylum and adjust his status. The IJ denied the motion to reopen as being both time- and number-barred under 8 C.F.R. § 1003.23(b), adding that the motion was a "dilatory tactic" to avoid enforcement of the immigration laws. The BIA dismissed his appeal, finding that the IJ properly dismissed Gao's motion as time- and number-barred and that Gao had not given a "good reason" to toll the deadline.

Gao argues on appeal that the BIA should have applied equitable tolling to save his second motion to reopen from the time-bar of 8 C.F.R. § 1003.23(b).[1] He claims that attorney Ming was ineffective during the 1999 removal proceedings because she missed the filing deadline for his asylum application and wrongly advised him to withdraw the application. According to Gao, his six-year delay in seeking reopening was due to his "youth, inexperience, cultural and linguistic difficulties, and the continuing deception of him by his former attorney." He says he moved "expeditiously" to reopen once he married a U.S. citizen. We review the BIA's denial of a motion to reopen for an abuse of discretion. *Patel v. Gonzales*, 442 F.3d 1011, 1015-16 (7th Cir. 2006).

---

[1] Gao also suggests that 8 C.F.R. § 1003.23(b)'s number limitation, which limits an alien to only one motion to reopen, should be "equitably tolled" to allow his second motion. Though we have held that the number-bar is non-jurisdictional and its use may be waived if not raised before the BIA, *see Joshi v. Ashcroft*, 389 F.3d 732, 734-35 (7th Cir. 2004), we have not yet determined whether equitable tolling applies to the number-bar. We need not reach that question here, however, because Gao also blew § 1003.23(b)'s 90-day time-limit and has not shown that he merits equitable tolling of that limit.

Under these circumstances, Gao was limited to only one motion to reopen, and it had to be filed with 90 days of the final order he sought to reopen, 8 C.F.R. §§ 1003.2(c)(1)-(3), 1003.23(b)(1). *See also* 8 U.S.C. § 1229a(c)(7)(A), (C)(I) (2006). We have held that the administrative time-limit on motions to reopen is non-jurisdictional and subject to equitable tolling, *see Ajose v. Gonzales*, 408 F.3d 393, 395 (7th Cir. 2005); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005).

With an untimely motion, an alien must demonstrate that his situation "warrants equitable tolling of the time limits, and equitable tolling in turn requires a showing of due diligence" in pursuing the motion to reopen from the time the alien is cognizant of the "*possibility*" that he was injured. *Patel*, 442 F.3d at 1016; *see also Pervaiz*, 405 F.3d at 490. Equitable tolling may be justified where an alien's counsel rendered ineffective assistance. *Pervaiz*, 405 F.3d at 490-91; *see Cekic v. I.N.S.*, 435 F.3d 167, 170 (2d Cir. 2006) (tolling time during which alien was unaware of ineffective assistance); *see also Iturribarria v. I.N.S.*, 321 F.3d 889, 898-99 (9th Cir. 2003) (tolling time during attorney's active concealment of ineffective performance); *Habchy v. Gonzales,* 471 F.3d 858, 864-65 (8th Cir. 2006) (tolling may be warranted if counsel misrepresents case status during statutory filing period). But tolling is not available to an alien who waits months or years after his removal proceedings to investigate or discover potential ineffective assistance before seeking reopening. *See Tapia-Martinez v. Gonzales*, No. 05-4413, 2007 WL 627822, at *5 (6th Cir. Feb. 27, 2007) (declining to apply equitable tolling where petitioner waited years after IJ noted deficiencies in counsel's submission to file motion to reopen on basis of that ineffective assistance); *Iavorski v. I.N.S.*, 232 F.3d 124, 134 (2d Cir. 2000) (denying petition for review of denial of motion to reopen where alien was not diligent, having waited two years after deportation hearing to investigate status of appeal and discover attorney's ineffective assistance); *see also Roberts v. Gonzales*, 422 F.3d 33, 35-37 (1st Cir. 2005) (denying petition for review of denial of motion to reopen where alien waited six years after removal order to file motion to reopen to allow him to adjust status to lawful permanent resident based on marriage to U.S. citizen).

The BIA did not abuse its discretion in refusing to apply equitable tolling to Gao's second motion to reopen because he did not act with due diligence in pursuing the motion. Gao says that he moved "expeditiously" to pursue a motion to reopen after his *marriage,* but his status based on marriage is not relevant to the question of whether he acted diligently in taking six years to challenge his lawyer's ineffectiveness. What Gao needed to show was that he moved expeditiously to reopen his case after he *knew or should have known of any* possibility *of problems with his counsel's performance in the removal proceedings. See Patel*, 442 F.3d at 1016; *Cekic*, 435 F.3d at 170 (noting that equitable tolling does not apply unless alien "can affirmatively demonstrate that he exercised reasonable diligence *during the time period sought to be tolled*") (emphasis added). Gao has not said when he

learned of potential problems with Ming's performance, but he was ordered removed in 1999. We see no reason why he would not have been aware of his injury—a potentially wrongful removal—as of that date. Indeed, he admits candidly that his "confidence in [attorney Ming] had been shaken" by the close of the 1999 proceedings. As for Gao's claims of youthfulness and language difficulties, he has not explained how these factors led to any delay—much less a six-year delay—in filing a motion to reopen. *See Kay v. Ashcroft*, 387 F.3d 664, 671 (7th Cir. 2004) (upholding BIA's denial of motion to reopen for asylum or withholding of removal because alien did not show how his post traumatic stress disorder, language barriers, or *pro se* status kept him from attending removal hearing). Under these circumstances, the BIA properly found that Gao did not show that he acted with due diligence in pursuing his motion to reopen, and its refusal to apply equitable tolling to Gao's claims was not an abuse of discretion. *See Tapia-Martinez*, 2007 WL 627822, at *5; *Iavorski*, 232 F.3d at 134.

Accordingly, we DENY Gao's petition for review.