

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions*. Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4764
_____

BAO CHEN,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A78-745-618)
Immigration Judge: Honorable Donald V. Ferlise

_____

Submitted Under Third Circuit LAR 34.1(a)
December 11, 2007

Before: McKEE, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: December 11, 2007)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Petitioner Bao Chen appeals an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Because Chen's motion was untimely, we will deny the petition for review.

**I.**

A native and citizen of the People's Republic of China, Chen illegally entered the United States on or about October 21, 2000. He was apprehended and placed into removal proceedings at which he petitioned for asylum, withholding of removal, and protection under the Convention Against Torture. Immigration Judge (IJ) William Van Wyke denied Chen's petition and ordered him removed to China on February 13, 2002. Chen's former attorney filed an appeal of the IJ's order, which the BIA rejected as untimely on June 21, 2002. Then, unbeknownst to Chen, his former counsel filed a motion to reconsider the BIA's June 21 dismissal. The BIA denied this motion in a per curiam order dated December 2, 2002.

Several years later, Chen obtained new counsel and filed a complaint against his former counsel with the Pennsylvania Supreme Court on March 29, 2005. He also filed a motion to reopen his immigration proceedings in early April 2005, claiming that the ineffective assistance of his prior counsel caused his appeal of the IJ's removal order to be time-barred. Immigration Judge Donald V. Ferlise dismissed Chen's motion for lack of jurisdiction, but the BIA reversed and remanded for a decision on the merits. On remand, the IJ denied Chen's motion, and the BIA affirmed, finding "no clear error" in

2

the IJ's determination that Chen's motion to reopen was untimely. Chen now appeals the BIA's affirmance.

## II.

We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a). *See Stone v. INS*, 514 U.S. 386, 398 (1995). We review the BIA's denial of a motion to reopen immigration proceedings for an abuse of discretion. *Lu v. Ashcroft*, 259 F.3d 127, 131 (3d Cir. 2001). Unless the BIA's decision was "arbitrary, irrational, or contrary to law," it will be upheld. *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002); *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir. 1994).

Chen concedes that his motion to reopen was late, but he argues that we should apply the doctrine of equitable tolling because of the ineffective assistance of his former counsel. We begin by noting that "equitable tolling is an extraordinary remedy which should be extended only sparingly." *Mahmood*, 427 F.3d at 253 (quoting *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005)). We will toll in certain circumstances, but only where the petitioner has exercised due diligence in pursuing his claim. *Mahmood*, 427 F.3d at 251-52.

Here, Chen filed his motion to reopen in early April 2005, approximately twenty-eight months after the BIA's December 2, 2002 denial of his former counsel's motion to reconsider, and approximately thirty-three months after the BIA's June 21, 2002 dismissal of Chen's I-589 petition. Despite this delay, Chen argues that his motion is timely because his former counsel cost him his chance to challenge his deportability by missing

3

the original deadline for appeal. Additionally, Chen claims that his former counsel filed an unsuccessful motion to reconsider without his knowledge or consent. Because of these alleged failings of his former counsel and his limited understanding of English, Chen argues that the usual time limit for a motion to reopen should be equitably tolled from the time the BIA finally disposed of his case to the time he filed his motion to reopen.

Although ineffective assistance of counsel might serve as a basis for equitable tolling, *Mahmood*, 427 F.3d at 251, Chen forfeited this claim by failing to pursue his case with due diligence. He took no action in his case between December 2, 2002–when the BIA refused to reconsider its dismissal of his appeal–and March 29, 2005–when he filed a disciplinary complaint against his former counsel with the Pennsylvania Supreme Court. We are sympathetic to the fact that Chen "is a foreigner who may . . . have more than the average difficulty in negotiating the shoals of American law," *Mahmood*, 427 F.3d at 253 (quoting *Pervaiz v. Gonzalez*, 405 F.3d 488, 491 (7th Cir. 2005)), but we find this lengthy period of inactivity fatal to his tolling claim. We therefore hold that the BIA did not abuse its discretion in finding Chen's motion to reopen untimely under 8 C.F.R. § 1003.23(b)(1).

## III.

Chen also contests the BIA's finding that he was not prejudiced by the alleged ineffective assistance of his former counsel. Because we affirm the BIA's determination

4

that Chen failed to exercise due diligence, we need not reach the questions of whether Chen's former counsel was in fact ineffective or whether Chen was prejudiced as a result. *See Mahmood*, 427 F.3d at 252. For the foregoing reasons, we will affirm the BIA's decision.