NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 18, 2009
Decided January 14, 2010

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2115

| | |
|---|---|
| SERGE CHRISTIAN NYAMSI BABO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | No. A078-642-690 |

**O R D E R**

An immigration judge denied Serge Christian Nyamsi Babo's application for asylum but granted him voluntary departure, and the Board of Immigration Appeals affirmed that decision in 2004.  Four years later, Babo moved to reopen, asserting that his counsel was ineffective.  The Board denied the motion as untimely and found no evidence that he was prejudiced by counsel's performance.  Babo petitions us for review, but we must dismiss his petition for lack of jurisdiction.

Babo, a native of Cameroon, entered the United States on a five-month visitor visa in 1999 and sought asylum, asserting that he was tribal royalty and that he had been beaten because of his father's support for an opposition political party.  He asserted that he would be arrested and possibly killed if he returned to Cameroon.  The government denied his

application when he failed to appear for an interview with an asylum officer. He was then placed in removal proceedings. Babo, represented at this stage by counsel, renewed his asylum request and asserted new requests for withholding of removal and protection under the Convention Against Torture.

During a removal hearing in July 2002, Babo asked to switch to a new counsel, Albert Ngwana, because Ngwana was a fellow Cameroonian. The IJ allowed the substitution and granted a ten-day continuance followed by a one-month extension. In September, the hearing resumed, at which point the IJ denied the application because he found Babo's testimony unreliable and uncorroborated. The IJ did, however, grant voluntary departure. Babo, through Ngwana, filed an appeal with the Board, which summarily affirmed the order of the IJ in early 2004.

Babo asserts that Ngwana never told him about the Board's denial and that he did not learn the status of his appeal until August 2006, when he received information on his case under a request he filed pursuant to the Freedom of Information Act. Despite learning about the Board's denial, Babo made no attempt to adjust status (or voluntarily depart) over the next two years. Then in August 2008, with new counsel, Babo and his second wife submitted an application to register him for permanent status.

On November 28, 2008, Babo moved to reopen his removal proceedings based on ineffective assistance of counsel. In his motion, Babo asserted that Ngwana failed to file a visa petition based on his first marriage, neglected to keep Babo apprised of the status of his case, misrepresented to Babo his eligibility for asylum, and did not disclose his suspension from practice.

The Board denied the motion as untimely, finding that Babo waited more than four years to file the motion, well past the 90-day deadline. The Board declined to equitably toll the deadline because Babo failed to file the motion with due diligence; in so ruling, the Board noted that Babo did not explain why he did not file the motion immediately after learning of the status of his case in 2006. The Board also found that Babo's claims of ineffective assistance did not warrant reopening because he did not show any prejudice-- that is, he did not provide any evidence that he could have successfully adjusted status were it not for counsel's deficient performance. Although he asserted that Ngwana had failed to file any visa petition based on his first marriage (from 2003 to 2006), Babo did not provide the Board with any evidence about the marriage. The Board had no indication of whether any visa petition would have been granted, and therefore it did not find any

prejudice. The Board also declined without explanation to *sua sponte* reopen proceedings based on Babo's ineffective assistance of counsel claims.

Babo asserts that the Board abused its discretion by denying his motion to reopen based on ineffective assistance of counsel. Specifically, he asserts that the Board (1) ignored evidence that he could not have filed his motion earlier after learning the status of his case, and (2) should have considered evidence based on his second marriage when it looked for prejudice from counsel's performance.

As the government notes, there is a threshold question of our jurisdiction to review the Board's denial, in light of our decision in *Kucana v. Mukasey*, 533 F.3d 534, 536 (7th Cir. 2008). In *Kucana*, we held that we lacked jurisdiction to review the discretionary denial of a motion to reopen unless a legal or constitutional claim is presented. The ground for reopening that Babo advanced--that his counsel's ineffectiveness entitles him to a new hearing--does not fit within the exception because there is no constitutional, statutory, or administrative right to effective counsel in immigration proceedings; a claim of ineffective assistance is purely a request for a favorable exercise of discretion. *See Jezierski v. Mukasey*, 543 F.3d 886, 888-891 (7th Cir. 2008). Accordingly we dismiss the petition for lack of jurisdiction. But in light of the Supreme Court's recent decision to grant certiorari in *Kucana*, we address the arguments Babo presses in this petition.

Babo first argues that the Board should have equitably tolled the deadline for filing his motion to reopen. He now asserts, for the first time, that he was prevented from filing his motion to reopen earlier because he was (1) busy with family turmoil (namely, a stillborn birth of his son in 2006) and (2) incorrectly advised to delay his application by a second attorney. He maintains that the Board erred in failing to mention these facts when it rejected his request for equitable tolling.

A motion to reopen based on ineffective assistance of counsel must be filed within 90 days of a final administrative decision, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), but the Board may equitably toll the deadline if the alien--despite exercising due diligence--could not reasonably have been expected to have filed earlier. *See Johnson v. Gonzales*, 478 F.3d 795, 799 (7th Cir. 2007); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). To evaluate whether to equitably toll the deadline for a motion to reopen for ineffective assistance, we apply a two-part test that first examines whether and when a reasonable person in the petitioner's situation should have discovered the ineffective assistance. *See Gao v. Mukasey*, 519 F.3d 376, 377-78 (7th Cir. 2008). The petitioner then bears the burden of proving that he exercised due diligence in the period that elapsed between the point at

which he discovered, or should have discovered, the ineffective assistance, and the actual filing of his motion to reopen. See *Pervaiz*, 405 F.3d at 490.

Babo waived any argument of due diligence by not explaining to the Board why he waited two years to file a motion to reopen after learning of the alleged ineffective assistance. *See Ghani v. Holder*, 557 F.3d 836, 839 (7th Cir. 2009). He cannot now offer explanations which he did not present to the Board, *see id*.

The lack of diligence effectively dooms Babo's petition, but in any event, Babo also contests the Board's finding that he was not prejudiced by counsel's performance--another requisite for a motion based on ineffective assistance. He asserts--in a highly confusing fashion--that the Board incorrectly focused on his likelihood of relief based on his first marriage, at the time he was represented by Ngwana, and should have instead focused on his likelihood of relief based on his second marriage, at the time he filed the motion to reopen.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must provide evidence that he was prejudiced by counsel's performance because he may have been eligible for relief from removal at the time of the representation. *See Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006); *In re Assaad*, 23 I. & N. Dec. 553, 562 (BIA 2003). For example, if counsel failed to file an application to adjust status based on a marriage to a U.S. citizen, a petitioner must provide some evidence that the marriage was bona fide. *Iglesias v. Mukasey*, 540 F.3d 528, 532 (7th Cir. 2008).

The Board properly declined to consider Babo's likelihood of relief based on the marriage after Ngwana represented him, as Ngwana's performance was no longer relevant and could not have prejudiced an application for relief at that time. Babo needed to present evidence that he was eligible for relief during Ngwana's representation, but he failed to do so.

That's all we need say about the merits, but having said that, we return to the question of jurisdiction. Per *Kucana*, we have none. Accordingly, the petition for review is DISMISSED for want of jurisdiction.