23-6363-ag (L)
Pinilla Perez v. Bondi

# United States Court of Appeals
## For the Second Circuit

August Term, 2025

(Argued: October 21, 2025   Decided: February 5, 2026)

Docket Nos. 23-6363-ag (L), 24-3151-ag (CON)
_____

LEONEL PINILLA PEREZ,

*Petitioner*,

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

_____

Before:

WESLEY, LOHIER, and MERRIAM, *Circuit Judges*.

Noncitizens who receive a final order of removal from the Board of Immigration Appeals ("BIA") have 90 days to file a motion to reopen their removal proceedings. The 90-day deadline for filing the motion may be equitably tolled if extraordinary circumstances prevented timely filing and the party seeking tolling acted with reasonable diligence throughout the tolling period. The question presented on appeal is what constitutes "reasonable diligence" when a petitioner, having been removed from the United States, files a motion to reopen based on a change in law that arguably entitles him to relief from removal. Here, the BIA denied petitioner Leonel Pinilla Perez's untimely motion to reopen his removal proceedings after concluding that he had failed to act with reasonable diligence. Because we conclude that the BIA provided

insufficient reasons for its decision, we **GRANT** Pinilla's petition challenging the BIA's order denying his motion to reopen, No. 23-6363, and we **REMAND** for further consideration consistent with this opinion. We therefore **DISMISS** as moot Pinilla's petition for review challenging the BIA's denial of his motion to reconsider the original order, No. 24-3151.

SCOTT FOLETTA, JILL APPLEGATE, Neighborhood Defender Service of Harlem, New York, NY, *for Petitioner*.

MATTHEW B. GEORGE, Office of Immigration Litigation (Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation; Sheri R. Glaser, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, DC, *for Respondent*.

PER CURIAM:

Noncitizens who receive a final order of removal from the Board of Immigration Appeals ("BIA") have 90 days to file a motion to reopen their removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day deadline for filing the motion "may be equitably tolled if the party seeking tolling was prevented from timely filing in some extraordinary way and passes with reasonable diligence through the period it seeks to have tolled." *Garcia Pinach v. Bondi*, 147 F.4th 117, 135 (2d Cir. 2025) (cleaned up). The question presented on appeal is what constitutes "reasonable diligence" when a petitioner, having been removed

from the United States, files a motion to reopen based on a change in law that arguably entitles him to relief from removal.

In this case, the BIA denied petitioner Leonel Pinilla Perez's motion to reopen his removal proceedings after concluding that he had failed to act with reasonable diligence in pursuit of his claim and was therefore not entitled to equitable tolling of the 90-day filing deadline. Because we conclude that the BIA provided insufficient reasons for its decision, we **GRANT** Pinilla's petition challenging the BIA's order denying his motion to reopen, No. 23-6363, and we **REMAND** for further consideration consistent with this opinion. We therefore **DISMISS** as moot the petition for review challenging the BIA's denial of his motion to reconsider the original order, No. 24-3151.

I

Pinilla, a Panamanian national, became a lawful permanent resident in the United States in 1990 but soon afterward ran into trouble with the law. In 1993 he pleaded guilty to attempted sale of cocaine in violation of New York State law. *See* N.Y. Penal Law § 220.39(1). Between 2000 and 2009 Pinilla also pleaded guilty to multiple charges of fifth-degree possession of marijuana, a Class B misdemeanor under New York State law. *See* N.Y. Penal Law § 221.10 (2018).

3

Those same convictions later prompted the federal Government to initiate removal proceedings against him in November 2009. In 2011 Pinilla, who had largely represented himself during his removal proceedings, was removed to Panama.

While in Panama, Pinilla received a partial reprieve when, in August 2019, the state legislature in New York revised the state laws related to the possession of marijuana and repealed the provision criminalizing fifth-degree marijuana possession. *See* N.Y. Crim. Proc. § 160.50(3)(k)(ii). In March 2021 the state legislature authorized the judicial vacatur of all convictions, including Pinilla's, for fifth-degree marijuana possession. *See id.* § 440.10(1)(k). Pinilla claims that he first discovered the change in New York law in March 2021 when, by chance, he spoke with a lawyer with whom he had briefly worked in 2010. He further claims that, with counsel, he quickly filed a motion to reopen his removal proceedings and later supplemented the administrative record with the formal judicial vacaturs of his marijuana convictions.[1]

Pinilla made two arguments to the BIA in support of his motion to reopen. First, he argued that the vacatur of his prior state convictions for marijuana

---

[1] Due to what we conclude is a scrivener's error, the vacaturs of Pinilla's convictions refer to N.Y. Crim. Proc. § 440.10(1)(h) rather than § 440.10(1)(k).

offenses rendered those convictions an improper basis for removability. Second, he maintained that intervening Supreme Court and Second Circuit case law had invalidated his 1993 conviction for attempted sale of cocaine as a categorically removable offense under federal law. In advancing both arguments Pinilla fully acknowledged that his motion to reopen was untimely and number-barred under 8 U.S.C. § 1229a(c)(7) but insisted that his personal circumstances and the intervening changes in law entitled him to equitable tolling.

The BIA denied Pinilla's motion to reopen by order dated March 31, 2023. "After considering the circumstances," it found that Pinilla was not entitled to equitable tolling because he "ha[d] not exercised the requisite due diligence in seeking reopening." No. 23-6363, Spec. App'x 4. And in any event, the agency explained, Pinilla's 1993 conviction for attempted sale of cocaine remained a categorically removable offense notwithstanding intervening Second Circuit law suggesting the contrary.

A few months after the BIA's denial of Pinilla's motion, this Court concluded in *United States v. Minter*, 80 F.4th 406 (2d Cir. 2023), that "New York's definition of cocaine is categorically broader than the federal definition" of cocaine in the Controlled Substances Act. *Id.* at 411. Citing *Minter*, Pinilla filed a

5

motion to reconsider, which the BIA also denied by order dated November 6, 2024. Although the agency's March 2023 order had suggested otherwise, the November 2024 order reasoned that it had long been true that a cocaine conviction under New York law did *not* categorically qualify as a removable offense under applicable federal law. For that reason, the agency concluded, Pinilla could and should have raised his argument sooner than he did in order to meet the standard of reasonable diligence.

Pinilla then petitioned this Court to review both the BIA's denial of his motion to reopen and its denial of his motion to reconsider. We consolidated the two petitions and now turn to the merits.[2]

## II

The Government concedes that Pinilla's 1993 conviction for attempted sale of cocaine would no longer provide a ground for removal if his removal proceedings were reopened. *See* Oral Argument Audio Recording at 19:59–

---

[2] We have jurisdiction to review the BIA's denial of a motion to reopen only for "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(C), (D); *see Juras v. Garland*, 21 F.4th 53, 61 (2d Cir. 2021) (applying statutory jurisdictional bar to appeal from denial of motion to reopen). The BIA's decision to deny Pinilla's request for equitable tolling is a question of law for purposes of section 1252(a)(2)(D). *See Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227 (2020). We therefore have jurisdiction to review it.

20:09.[3] As the BIA did, we assume without deciding that the same holds true of Pinilla's convictions for possession of marijuana. If so, then Pinilla has no convictions that remain valid for purposes of establishing his removability. The central question for us, then, is whether the BIA improperly denied Pinilla's request for equitable tolling to permit him to move to reopen his removal proceedings.

A

As noted above, a party has 90 days after the BIA enters a final order of removal to file a motion to reopen the removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA may thereafter consider the party's motion only if he is entitled to equitable tolling of the filing deadline. *See Garcia Pinach*, 147 F.4th at 135. A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that an "extraordinary" circumstance "prevented [him] from timely filing," and (2) that he "passe[d] with reasonable diligence through the period

---

[3] In view of the Government's concession, we need not consider Pinilla's argument that the BIA erred in denying Pinilla discretionary relief from removal under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). That provision authorizes the Attorney General to grant relief from removal to noncitizens who pleaded guilty to certain removable offenses prior to 1997, *see I.N.S. v. St. Cyr*, 533 U.S. 289, 293, 326 (2001), but Pinilla would not need this relief if his 1993 conviction is not a removable offense.

[he] seeks to have tolled." *Id.* (cleaned up); *see Clark v. Hanley*, 89 F.4th 78, 92 (2d Cir. 2023); *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023).

In considering Pinilla's motion, the BIA did not resolve whether a change in law can satisfy the "extraordinary circumstance" element of equitable tolling. Instead, the agency found that Pinilla failed to establish the second element for tolling—in other words, that he "ha[d] not exercised the requisite due diligence" in pursuing his rights. No. 23-6363, Spec. App'x 3.

"[W]e review the BIA's decision not to grant equitable tolling for abuse of discretion, asking whether there is a reasonable basis for its" decision. *Garcia Pinach*, 147 F.4th at 135 (quotation marks omitted). Because a "denial of immigration relief stands or falls on the reasons given by the I[mmigration] J[udge] or BIA," *Castellanos-Ventura v. Garland*, 118 F.4th 250, 254 (2d Cir. 2024) (quotation marks omitted), we address only whether the BIA abused its discretion when it denied Pinilla's request for equitable tolling based on a lack of diligence. We do not address whether a change in law can qualify as an extraordinary circumstance for purposes of tolling.

8

B

The party seeking tolling must "pass with reasonable diligence through the period it seeks to have tolled." *Garcia Pinach*, 147 F.4th at 135 (cleaned up). In determining the "period" through which Pinilla must demonstrate that he exercised diligence, we turn to our decision in *Rashid v. Mukasey*, 533 F.3d 127 (2d Cir. 2008). There we held that "in order to equitably toll the filing deadline for a motion to reopen based on ineffective assistance of counsel, an alien must demonstrate that he or she has exercised due diligence during the entire period he or she seeks to toll." *Id.* at 132. "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* The requirement that the petitioner act diligently during "the *entire* period he seeks to toll," *id.* (emphasis added), also applies outside the context of ineffective assistance claims. We apply it, for example, to assess whether a motion to reopen merits equitable tolling based on the discovery of new medical evidence, *see Garcia Pinach*, 147 F.4th at 135–36, and we apply it today to Pinilla's motion to reopen based on an intervening change in law.

We recognize that *Rashid* could be read to require a petitioner to

9

demonstrate that he took steps to file a motion to reopen *before* any change in law took place (that is, before he became entitled to relief). But no one seriously argues that *Rashid* goes that far. Nor does equity permit such a requirement. "[E]quitable tolling asks whether a petitioner has been pursuing his *rights* diligently." *Williams v. Garland*, 59 F.4th 620, 641 (4th Cir. 2023) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But petitioners whose claims for relief are barred by law "ha[ve] no 'rights' to pursue" until the law changes to entitle them to relief. *Id.* Because a petitioner cannot reasonably be expected to act on a change in law that has yet to happen, we hold that the reasonable diligence standard does not oblige a petitioner who has been removed from the United States to take steps to file a motion to reopen based on an intervening change in law before the change takes place.

## C

Familiar principles of equity also inform our analysis of the diligence required of Pinilla *after* New York amended its marijuana laws. "As the Supreme Court [has] reminded, the core purpose of equitable tolling is to escape the 'evils of archaic rigidity' and 'to accord all the relief necessary to correct . . . particular injustices.'" *Lugo-Resendez v. Lynch*, 831 F.3d 337, 345 (5th Cir. 2016) (ellipsis in

10

original) (quoting *Holland*, 560 U.S. at 650). "The diligence required for equitable tolling purposes is" therefore "reasonable diligence, not maximum feasible diligence." *Doe*, 76 F.4th at 73 (quoting *Holland*, 560 U.S. at 653). To determine whether equitable tolling is appropriate, the BIA should avoid applying a "per se" temporal rule, *Wang v. Bd. of Immigr. Appeals*, 508 F.3d 710, 715 (2d Cir. 2007), and must instead consider whether the petitioner "act[ed] as diligently as reasonably could have been expected" to file his motion under the totality of the circumstances, *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003); *see Williams*, 59 F.4th at 641–43.

In determining whether a motion to reopen merits equitable tolling based on a favorable change in law, "we focus on the *reasonable* expectations of someone in the petitioner's position" who has been removed and now lives abroad. *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 286 (3d Cir. 2021) (emphasis added) (cleaned up). We accordingly do not expect the petitioner "[to] continuously monitor public sources for years on the unlikely chance that he might learn something which would be useful to his case." *Id.* (cleaned up). Nor do we "ask, in a vacuum," "whether [the petitioner] should have contacted X number of attorneys" during the period after his removal, hoping to discover

11

that the law has changed in his favor, or pressed X number of family members in the United States to "stay abreast of immigration law." *Williams*, 59 F.4th at 641–42. These steps of "'extreme diligence' or 'exceptional diligence'" are sufficient but not necessary to toll the 90-day filing deadline. *See Baldayaque*, 338 F.3d at 153. A removed petitioner's failure to take them does not negate reasonable diligence. When a petitioner "has [no] reasonable basis to expect that investigation would uncover relevant information," then "his decision not to investigate is not a failure to exercise due diligence." *Bracey*, 986 F.3d at 286 (cleaned up).

As the Fifth Circuit observed, "the reality" is that many departed noncitizens "are poor, uneducated, unskilled in the English language, and effectively unable to follow developments in the American legal system." *Lugo-Resendez*, 831 F.3d at 345. In undertaking its diligence inquiry, the BIA should give due consideration to, among other things, whether the noncitizen (1) had the means and capacity to learn of, and act upon, the change in law (for example, the noncitizen's removal abroad, detention, poverty, language barriers, and lack

of access to legal information[4]); (2) took reasonable steps to investigate and pursue relief (for example, reconnecting with prior counsel or seeking new counsel); and (3) acted reasonably swiftly to file his motion to reopen after discovering the material change in law. *See Williams*, 59 F.4th at 643; *see also Goulart v. Garland*, 18 F.4th 653, 663 (9th Cir. 2021) (Korman, *J.*, dissenting). Principles of equity especially counsel in favor of tolling when "it is evident that the basis [for the petitioner's removal may] now [be] invalid." *Lugo-Resendez*, 831 F.3d at 345.

III

With these principles in mind, we conclude that the BIA abused its discretion in finding that Pinilla failed to demonstrate due diligence in pursuing his motion to reopen. In its decision, the BIA explained only that Pinilla was not entitled to tolling because he waited "approximately 2 years" after New York revised its marijuana laws to file his motion. No. 23-6363, Spec. App'x 4. The

---

[4] In *Watson v. United States*, 865 F.3d 123 (2d Cir. 2017), we suggested that a litigant's "lack of education, pro se status, or ignorance of the right to bring a claim" are not, without more, "extraordinary circumstances" that satisfy the first requirement of equitable tolling. *Id.* at 132–33. But these biographical facts are not irrelevant to the diligence inquiry, which requires a court to consider whether a petitioner "acted as diligently as reasonably could have been expected *under the circumstances*." *Doe*, 76 F.4th at 73 (quotation marks omitted).

13

agency's stated justification is not the "minimum level of analysis" that we require "if judicial review is to be meaningful." *Garcia Pinach*, 147 F.4th at 136 (quotation marks omitted). "[T]he test for equitable tolling, both generally and in the immigration context, is not the length of the delay in filing the [motion]; it is whether the claimant could reasonably have been expected to have filed earlier." *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). It is unclear to us what test the BIA applied or whether it considered Pinilla's actions and circumstances predating his motion. And because it provided "only summary or conclusory statements" in support of its decision, the BIA abused its discretion. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (quotation marks omitted). On remand, the BIA should consider Pinilla's motion in a manner that is consistent with this opinion.[5]

---

[5] Because we remand on this basis, we need not address whether the BIA erred when it denied Pinilla's motion to reopen his removal proceedings *sua sponte*.

## IV

For the foregoing reasons, we **GRANT** Pinilla's petition for review with respect to the BIA's order denying his motion to reopen, and the case is **REMANDED** for further consideration consistent with this opinion. We **DISMISS** as moot Pinilla's petition with respect to the BIA's order in No. 24-3151 denying his motion for reconsideration.