[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2007
THOMAS K. KAHN
CLERK

No. 06-16631
Non-Argument Calendar

----------------------------------------

Agency No. A73-728-744

ELANIA MARIA PEREIRA,

                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
--------------------------------------------

**(December 7, 2007)**

Before EDMONDSON, Chief Judge, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Elania Maria Pereira ("Pereira"), proceeding pro se, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of Pereira's

untimely motion to reconsider its affirmance of the immigration judge's ("IJ")

denial of Pereira's motion to reopen removal proceedings. We find no error in the

BIA's order; therefore, we deny the petition.

In 1995, Pereira, a native and citizen of Brazil, was served with an Order to

Show Cause and Notice of Hearing for having overstayed her nonimmigrant visa,

in violation of 8 U.S.C. § 1227(a)(1)(B). In March 1996, she received written

notice that a hearing on her asylum claim would be held in August in Boston,

Massachusetts. Pereira failed to appear at that hearing and was ordered removed

in abstentia. She then filed a motion to reopen, arguing that, in July, she had

moved from Massachusetts to Sunrise, Florida; had notified the Immigration and

Naturalization Service ("INS") of her address change; and had requested a change

of venue to Miami, Florida. The IJ granted the motion and reopened Pereira's

case.

In March 1997, written notice was sent to Pereira's Sunrise, Florida, address

that her asylum hearing would be held in Miami in July. Pereira again failed to

appear and was ordered removed in abstentia. In March 2001, Pereira filed a

motion to reopen claiming that she had not received notice of the hearing; her

motion was accompanied by a change of address form indicating that she had

moved from Pompano Beach, Florida, back to Hyannis, Massachusetts. The IJ

2

denied the motion, finding that Pereira had received notice of the hearing. Notice of the denial was sent to Pereira's Sunrise, Florida address.

Mailing from an address in Deerfield Beach, Florida, Pereira filed another motion to reopen in March 2002, indicating that there had been "no response" to her 2001 motion. The IJ denied this second motion as time and numerically-barred.[1] Pereira appealed the denial of her 2002 motion to the BIA, which upheld the IJ's denial in July 2003. The BIA's decision was mailed to the Pompano Beach address Pereira had provided to the INS in May 2003. In June 2006, Pereira filed the instant "Motion to Reconsider" with the BIA, arguing that she was entitled to equitable tolling on the motion because she had been unaware of the BIA's July 2003 decision until recently, as her "immigration advisor" – whose Lighthouse Point, Florida, address had also been listed on Pereira's May 2003 address change form – had failed to inform her of the decision. The BIA considered Pereira's motion as both a motion to reconsider[2] and a motion to

---

[1] With some exceptions not applicable here, an alien may file one motion to reopen a final administrative order of removal, which must be filed within 90 days of the final administrative order. 8 U.S.C. §§ 1229a(c)(7)(A), (C) and 8 C.F.R. § 1003.2(c)(3).

[2] An alien may file one motion to reconsider an order of removal, which must be filed within 30 days of the final administrative order. 8 U.S.C. §§ 1229a(c)(6)(A), (B) and 8 C.F.R. § 1003.2(b)(2).

reopen and denied the motion. Peira now appeals this decision, again asserting a claim of equitable tolling based on her immigration advisor's "fraud."[3]

As an initial matter, the Government contends that we lack jurisdiction to review the relevant order because the motion was filed outside the statutory filing deadlines for motions to reconsider and to reopen, relying on Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005) (per curiam) (stating that 90-day deadline for motions to reopen is "mandatory and jurisdictional, and, therefore it is not subject to equitable tolling"), and Anin v. Reno, 188 F.3d 1273, 1278-79 (11th Cir. 1999) (stating that 180-day statutory time limit on motions to reopen in connection with in abstentia deportation orders was "jurisdictional and mandatory"). But these statements from Abdi and Anin are more properly regarded as dicta: we did not dismiss those cases for lack of jurisdiction, but instead concluded in both cases that the BIA's denial of an untimely-filed motion to reopen was no abuse of discretion. Abdi, 430 F.3d at 1150; Anin, 188 F.3d at 1278. Moreover, reading the statutory filing deadline as jurisdictional in the strict sense of the term would directly conflict with 8 C.F.R. § 1003.2(a), which grants the BIA discretion to reopen any case at any time sua sponte. Thus, we do not

---

[3]Pereira's brief also attacks the validity of the prior orders in her case, including her in abstentia removal and the denial of her other motions to reopen. Those orders were not listed in the notice of the appeal and are not properly before us in this appeal. See 8 U.S.C. § 1252(b).

lack jurisdiction to review Pereira's motion to reconsider or to reopen simply because it was untimely.[4]

Turning then to the merits of Pereira's petition, we review the BIA's denial of a motion to reconsider or to reopen for an abuse of discretion. See Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003); Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi, 430 F.3d 1148, 1149 (11th Cir. 2005) (internal citation and quotation marks omitted). Here, Pereira did not move to reopen or for reconsideration of the BIA's July 2003 decision for almost three years, well beyond the 90-day period for filing a motion to reopen, 8 C.R.F. § 1003.2(c)(2), and the 30-day period for filing a motion for reconsideration, id. § 1003.2(b)(2). And we have no occasion to decide whether to recognize equitable tolling of these deadlines, because Pereira's claim for such relief is meritless: the administrative record shows that the BIA's July 2003 decision was served on Pereira at her Pompano Beach address – not the

---

[4]Every other circuit to consider this question has similarly determined that the statutory filing deadlines for motions to reopen are not jurisdictional, but are more analogous to statutes of limitations. See, e.g., Borges v. Gonzales, 402 F.3d 398, 405-406 (3rd Cir. 2005); Pervaiz v. Gonzales, 405 F.3d 488,. 490 (7th Cir. 2005); Riley v. INS, 310 F.3d 1253, 1258 (10th Cir. 2002); Socop-Gonzalez v. INS, 272 F.3d 1176, 1188 (9th Cir. 2001) (en banc); Iavorski v. INS, 232 F.3d 124, 130 (2nd Cir. 2000).

5

Lighthouse Point address of her "immigration advisor." Given these facts, we cannot say that the BIA's denial of Pereira's motion was arbitrary or capricious. We therefore deny Pereira's petition.

PETITION DENIED.