[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13396
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2012
JOHN LEY
CLERK

Agency No. A077-485-955

DOROTHY EBOT TAMBI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 8, 2012)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Dorothy Ebot Tambi, a native and citizen of Cameroon, seeks review of the

Board of Immigration Appeals's ("BIA") denial of her second motion to reopen the Immigration Judge's ("IJ") previous denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. Tambi filed her second motion to reopen,[1] seeking the reopening of her prior application for asylum on the basis of changed country conditions and on the basis that she received ineffective assistance of counsel. This motion was filed with the BIA over ten years after the original IJ decision denying her asylum application.

Generally, an alien may file only one motion to reopen before the BIA and such motion must be filed within ninety days of the final removal order. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is not disputed that Tambi's second motion to reopen fails to meet either of these requirements.

There are, however, several exceptions to the one motion and ninety days time limit. *See generally* 8 U.S.C. § 1229a(b)(5)(C), (c)(7)(C); 8 C.F.R. § 1003.2(a), (c)(3). Pertinent to this appeal, an alien may seek reopening at any time and without regard to any prior motions to reopen, if she can demonstrate "changed country conditions arising in the country of nationality or the country to

---

[1] Tambi filed her first motion to reopen several years earlier on the basis of her marriage to a United States citizen, which was eventually denied by the BIA, and is not at issue in this petition for review.

2

which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Tambi sought reopening of her previous asylum application claiming that the conditions in her home country of Cameroon had worsened. She also sought reopening on the basis of her previous attorney's ineffective assistance.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005); *see also Kucana v. Holder*, 130 S. Ct. 827, 838–39 (2010). When reviewing the denial of discretionary relief, we consider whether there has been an exercise of discretion and whether that exercise was "arbitrary or capricious." *Abdi,* 430 F.3d at 1149.

The BIA provided several reasons for denying reopening, which Tambi challenges in this petition for review as follows. Tambi first argues that the BIA improperly penalized her for not filing a subsequent asylum application with her second motion to reopen. Although the BIA mentioned that Tambi failed to submit a new asylum application with her motion to reopen, this was not the BIA's basis for denying her motion to reopen. Instead the BIA listed all of the evidence that Tambi submitted and determined that it either had been available at the time of her first hearing or did not demonstrate that conditions in Cameroon had

3

materially worsened since her original hearing. Tambi does not challenge any of these conclusions of the BIA in this petition. Accordingly, we find no abuse of discretion in the BIA's mention that Tambi did not submit a new asylum application with her second motion.[2]

Next, Tambi argues that the BIA gave undue weight to the IJ's adverse-credibility decision made during her original asylum proceedings. As already mentioned, in denying Tambi's second motion to reopen, the BIA discussed Tambi's evidence regarding changed country conditions and concluded that Tambi failed to establish that conditions in Cameroon were worse than when she first sought asylum nearly ten years earlier. Although the BIA took into consideration the IJ's adverse credibility determination at the earlier hearing, the BIA ultimately denied the motion to reopen based on the lack of evidence to support changed country conditions.

Third, Tambi argues that due process requires reopening of her asylum

---

[2] Although the governing regulations provide that an application for relief must accompany the motion to the extent that the motion to reopen is seeking to submit an application for relief, *see* 8 C.F.R. § 1003.2(c)(1), the statute only requires that the motion to reopen be supported by affidavits and other evidence, *see* 8 U.S.C. § 1229a(c)(7)(B). Here, we would be inclined to agree with Tambi that because the purpose of her motion to reopen was to supplement an existing asylum application based on changed country conditions, she would not be required to submit an entirely new asylum application. The BIA, however, did not deny her request to reopen because she did not include a new asylum application with her motion, but instead because it concluded that she failed to meet the requirements for reopening based on changed country conditions.

application because her previous attorneys provided ineffective assistance of counsel. The BIA declined to reopen her application on this basis, concluding that she failed to meet the threshold requirements for such a claim as established in *Matter of Lozada*, 19 I.&N. Dec. 637, 639 (BIA 1988).[3] Tambi does not challenge the BIA's conclusion regarding her failure to meet the requirements of *Matter of Lozada* and we cannot say that the BIA abused its discretion in refusing to reopen her asylum application on this basis.[4]

Finally, Tambi asserts that she has a strong case for the exercise of prosecutorial discretion under guidelines established by a new a working group of the Department of Homeland Security and the Department of Justice. Tambi has

---

[3] When filing a motion based on ineffective assistance, the BIA has established the following procedural requirements: (1) the claim should be supported by an affidavit that sets forth in detail the agreement with counsel regarding the actions to be taken, and any representations made by counsel with regard to those actions; (2) former counsel must be informed of the allegations and permitted an opportunity to respond; and (3) the motion should reflect whether a grievance was filed against counsel, and if not, why not. *Matter of Lozada*, 19 I.&N. Dec. at 639. Our circuit has held that the *Lozada* procedural requirements are reasonable, and that, at a minimum, "substantial, if not exact, compliance" with *Lozada* is required. *Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 775 (11th Cir. 2004).

[4] Tambi urges us to reconsider our decision in *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149–50 (11th Cir. 2005), to the extent that we stated that the ninety day motion to reopen period is "mandatory and jurisdictional," and thus not subject to equitable tolling. Although the BIA cited to *Abdi* in denying Tambi's request to reopen based on ineffective assistance of counsel, the BIA primarily and properly noted that Tambi failed to comply with the requirements of *Matter of Lozada*, which we cannot say is an abuse of discretion. We, therefore, need not address whether the statement in *Abdi* that the ninety day motion to reopen is "mandatory and jurisdictional" is dicta or binding circuit precedent.

5

provided no authority, nor are we aware of any, that would permit a court of appeals to grant such relief.

**PETITION DENIED.**