[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11503
Non-Argument Calendar
_____

Agency No. A097-310-428


DARWIN GILBERTO RUIZ-TURCIOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(November 8, 2012)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Darwin Gilberto Ruiz-Turcios, a native of Honduras, petitions for review of

the Board of Immigration Appeals's ("BIA") decision denying his motion to

reopen his removal proceedings.  Ruiz-Turcios was ordered removed after the Immigration Judge ("IJ") determined that he did not meet the requirements for asylum, withholding of removal, or relief under the Convention Against Torture based on his claim that he has been persecuted by the street gangs in Honduras on account of his religious and political beliefs.  He filed a *pro se* appeal to the BIA, which was denied. He subsequently filed two *pro se* motions for reconsideration and two *pro se* motions to reopen, which were all denied by the BIA.

He most recently filed a counseled motion to reopen with the BIA on November 23, 2011, in which he raised two arguments in favor of reopening. First, he asserted that his original attorney provided him ineffective assistance in connection with his removal proceedings and that because of his attorney's ineffective assistance the 90-day filing period for a motion to reopen should be equitably tolled.  Second, he argued that his proceeding should be reopened because the conditions regarding gang violence have gotten worse in Honduras. The BIA denied his motion to reopen on both grounds.

We review the BIA's denial of a motion to reopen removal proceedings for an abuse of discretion.  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  Review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner.  *Id*.  An alien may only file one motion to reopen, and must do so no later than 90 days after the final order of removal.  8

U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).  As to Ruiz-Turcios's

request for reopening based on his prior counsel's ineffective assistance, the BIA

concluded that based on our Court's decision in *Abdi v. U.S. Att'y Gen.*, 430 F.3d

1148, 1150 (11th Cir. 2005), the 90-day limit for motions to reopen is "mandatory

and jurisdictional" and not subject to equitable tolling even where a claim for

ineffective assistance of counsel has been raised.  Although Ruiz-Turcios argues

that the language of *Abdi* is merely dicta, we cannot say that the BIA abused its

discretion in denying reopening based on our decision in *Abdi*, whether the

pertinent language is dicta or *Abdi*'s holding.[1]

---

[1]    We note that Ruiz-Turcios is not the first petitioner to question whether *Abdi* is binding precedent on the question of whether the 90-day time limitation for filing motions to reopen is not subject to equitable tolling.  *See Tambi v. U.S. Att'y. Gen.*, 458 Fed. Appx. 800, 803 n.4 (11th Cir. 2012).  Likewise, another panel of this Court has characterized *Abdi* as dicta, albeit in an unpublished decision.  *See Pereira v. U.S. Att'y. Gen.*, 258 Fed. Appx. 277, 279 (11th Cir. 2007).  Moreover, five of our sister circuits disagree with *Abdi*'s characterization of the 90-day time limitation as jurisdictional and instead have held that it is akin to statutes of limitations, and therefore, subject to equitable tolling.  *Id.* at 279 n.4 (citing to the decisions of the Second, Third, Seventh, Ninth and Tenth circuits).

The Supreme Court's recent decision in *Holland v. Florida*, 130 S. Ct. 2549, 2560–61 (2010), in which the Court held that the statutory limitations period under 28 U.S.C. § 2244 for filing federal habeas corpus claims is subject to equitable tolling, raises significant doubts that *Abdi*'s conclusion is correct.  The Court in *Holland* noted that the statutory filing deadline for federal habeas claims is not jurisdictional because "[i]t does not set forth an inflexible rule requiring dismissal whenever its clock has run."  130 S. Ct at 2560 (internal quotation marks omitted).  The Court also reiterated the well-established principle that "a nonjurisdictional federal statute of limitations is normally subject to a rebuttable presumption in favor of equitable tolling."  Id. (citing *Young v. United States*, 535 U.S. 43, 49 (2002) and *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Here, we see nothing in the statute governing motions to reopen that demonstrates that Congress intended the 90-day limitation to be "an inflexible rule requiring dismissal."  *Holland*, 130 S. Ct. at 2560.  *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").

The time and number limitations on motions to reopen, however, do not apply where the motion is based upon changed country conditions arising in the alien's country of nationality or within the country to which removal is ordered. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009); 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The alien must demonstrate that conditions within the relevant country have changed, as a change in personal circumstances alone will not suffice to allow an otherwise untimely and successive motion to reopen. *See Zhang*, 572 F.3d at 1319.

Ruiz-Turcios argues that he has demonstrated changed country conditions sufficient to warrant reopening of his asylum and withholding of removal application. Specifically, he relies on the recent murder of his sister and the 2009 Department of State Country Report on Human Rights for Honduras, which states that there are problems with extrajudicial killings and politically-related violence. The 2004 and 2005 versions of the report, which Ruiz-Turcios relied on in his original hearing, documented the same problems. Moreover, the murder of his sister is tragically consistent with the evidence of violence that he submitted at his original hearing. Because he has failed to demonstrate changed circumstances in gang violence in Honduras since he filed his previous motion to reopen, the BIA did not abuse its discretion in denying his motion. Accordingly, we deny his petition.

**PETITION DENIED.**