[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13922
Non-Argument Calendar
_____

Agency No. A098-714-837

XZAN SONG DONG,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 13, 2013)

Before TJOFLAT, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

On April 29, 2008, the Board of Immigration Appeals ("BIA") dismissed Petitioner Xzan

Song Dong's appeal of the decision of the Immigration Judge

("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture—all based on Petitioner's alleged practice of Falun Gong—and ordering his removal to China pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without admission or parole.[1]  Petitioner did not petition this court to review the BIA's decision.

On October 24, 2011, almost three years after these removal proceedings had run their course, Petitioner filed an untimely motion to reopen with the BIA, alleging that changed country conditions in China exempted his motion from the filing deadline.  He claimed that he been participating in a pro-democracy organization, the Central Committee of the Party for Freedom and Democracy ("CCPFDC"), since December 2010, that China persecutes individuals "link[ed] with democratic organizations such as the CCPFDC," and that the conditions had changed in China for members of the CCPFDC.  Consequently, if returned to China, he would be subject to imprisonment or other serious punishment.  In support of his motion to reopen, he submitted documentary evidence including, *inter alia*, an unsworn affidavit of the alleged chairman of the CCPFDC, who

---

[1] The IJ denied his application based on a finding that Petitioner was not credible and that, even if he were credible, his circumstances did not provide the basis for asylum.

2

stated that he was an active member of the organization and that the Chinese government had "paid attention" to his political activity while in the United States.

The BIA denied Petitioner's motion on June 28, 2012. First, the BIA noted that Petitioner's recent decision to join the CCPFDC constituted a change in personal circumstances, not an exception to the requirements of filing a motion to reopen. Second, Petitioner's evidence showed that China had considered the CCPFDC an "enemy organization" since 2002, five years before his removal hearing before the IJ. Moreover, his evidence failed to show any material increase in arrests for political dissidents in general and demonstrated at best "that the Chinese government remained relatively consistent in its policies regarding [political dissidents]."

Petitioner now seeks review of the BIA's decision. He argues that the BIA erred in finding that he did not demonstrate changed country conditions in China, that country conditions there have changed since his removal proceedings ended because the Chinese authorities are aware, or are likely to become aware, of his personal participation in the CCPFDC while in the United States, and that his new evidence established *prima facie* eligibility for asylum by demonstrating his well-founded fear of future persecution on account of his political opinion.

We review the denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). Our review is limited to

determining whether the BIA exercised its discretion in an arbitrary or capricious manner. *Id.* Generally, motions to reopen are disfavored. *Id.*

A party may only file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A)-(B), 8 U.S.C. § 1229a(c)(7)(A)-(B). Under 8 U.S.C. § 1229a(c)(7)(C)(i), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day period for filing a motion to reopen is jurisdictional and mandatory. *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005); *but see Ruiz-Turcios v. U.S. Att'y Gen.*, 700 F.3d 1270, 1272 & n.1 (11th Cir. 2012) (acknowledging questions about whether the pertinent language in *Abdi* was *dicta* or a holding, but declining to resolve the question).

An exception to the time and number limit of motions to reopen applies if the motion to reopen is for the purpose of reapplying for relief "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see* INA § 240(c)(7)(C)(ii), 8 U.S.C.

4

§ 1229a(c)(7)(C)(ii).  A change in personal circumstances, however, does not authorize the untimely filing of a motion to reopen.  *See Jiang*, 568 F.3d at 1258 (noting that changed personal circumstances do not meet the standard for a motion to reopen).

At a minimum, the BIA may deny a motion to reopen on the following three grounds: (1) failure to establish a *prima facie* case; (2) failure to introduce evidence that was material and previously unavailable; or (3) a determination that an alien is not entitled to a favorable exercise of discretion despite statutory eligibility for relief.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).

The BIA is not required to discuss in its opinion every piece of evidence presented.  *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006).  Where the BIA "has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented."  *Id.* (citation omitted).  Rather, the BIA must "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted."  *Id*. (citation omitted).  The BIA is entitled to discount documents that have not been authenticated.  *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009).  The BIA has held that letters from interested witnesses, including relatives and friends who are not subject to cross-

5

examination, may be of limited probative value. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010), *abrogated on other grounds by Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). The BIA has stated that the U.S. State Department reports on country conditions are highly probative evidence and usually the best source of information on conditions in foreign countries, and thus accorded "special weight." *Id.* at 213 (citation omitted).

We find no merit in Petitioner's petition for review. The BIA did not abuse its discretion by denying his motion to reopen because his motion was untimely and he failed to establish changed country conditions in China with respect to the treatment of members of the pro-democracy organization, CCPFDC, or others similarly situated to himself. The BIA properly determined that his recent membership and participation in a political organization represented a change in his personal circumstances, and did not establish changed country conditions. And it did not abuse its discretion in discounting the probative value of an affidavit submitted in support of Petitioner's motion when the affidavit was of an interested party who was not subjected to cross-examination, was not made under oath, and was not corroborated by independent evidence.

PETITION DENIED.

6