[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11503
Non-Argument Calendar
_____

Agency No. A097-310-428

DARWIN GILBERTO RUIZ-TURCIOS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(April 19, 2013)

**ON PETITION FOR REHEARING**

Before BARKETT, MARTIN and FAY, Circuit Judges.

BARKETT, Circuit Judge:

In light of this Court's en banc decision in <u>Avila-Santoyo v. U.S. Att'y Gen.</u>, — F.3d. —, No. 11-14941 (11th Cir. April 12, 2013), we hereby vacate our prior panel opinion, published at 700 F.3d 1270 (11th Cir. 2012), and substitute the following in its place. Accordingly, Petitioner's pending petition for rehearing en banc is denied as moot.

Darwin Gilberto Ruiz-Turcios, a native of Honduras, petitions for review of the Board of Immigration Appeals's ("BIA's") decision denying his third motion to reopen his removal proceedings in which he raised a claim of ineffective assistance of counsel.[1] Under the statutory provisions of the Immigration and Nationality Act and its implementing regulations, an alien generally may file only one motion to reopen, and must do so no later than 90 days after the final order of removal. 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Ruiz-Turcios's motion to reopen did not meet these requirements, but he sought equitable tolling of the number and time limitations on the basis that he received ineffective assistance of counsel in his removal proceedings and during his administrative appeal.

---

[1] Ruiz-Turcios also sought to reopen arguing that country conditions in Honduras had changed. In asylum cases, "[t]here is no time limit on the filing of a motion to reopen if the basis of the motion is . . . changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). The BIA determined that Ruiz-Turcios failed to establish changed country conditions and also denied reopening on this ground. We find no error in this determination and deny relief as to this ground.

2

The BIA denied his motion to reopen relying on our circuit precedent in Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005), which held that the 90-day deadline for filing a motion to reopen is "mandatory and jurisdictional, and, therefore, it is not subject to equitable tolling."

This court sitting en banc in Avila-Santoyo, overruled our circuit precedent in Abdi and held that the 90-day deadline to seek reopening of a removal proceeding pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i) is a non-jurisdictional claim-processing rule that is subject to equitable tolling.  — F.3d. at —, No. 11-14941, slip op. at 16.  Thus, the BIA's conclusion that it was barred from reopening Ruiz-Turcios's removal proceedings based on the untimeliness of the motion to reopen is erroneous.

Moreover, for all of the reasons articulated in Avila-Santoyo which supported the en banc court's conclusion that the 90-day deadline is a non-jurisdictional claim processing rule, the statutory requirement at 8 U.S.C. § 1227a(c)(7)(A), which limits an alien to one motion to reopen, is a non-jurisdictional claim processing rule and is likewise subject to equitable tolling.[2]

---

[2] We note that our decision is in-line with several of our sister circuits, which have held that the both the time and numerical limitations for motions to reopen are non-jurisdictional claim processing rules, subject to equitable tolling.  See Pervaiz v. Gonzales, 405 F.3d 488, 490 (7th Cir. 2005) (holding that a petitioner's second motion to reopen which was filed after the 180-day deadline for filing a motion to reopen in absentia proceedings was subject to equitable tolling); Borges v. Gonzales, 402 F.3d 398, 406 (3d Cir. 2005) (same); Iavorski v. INS, 232 F.3d 124, 132 (2d Cir. 2000) ("In sum, nothing in the 1990 statute that directed the Department of

3

There is nothing in the plain language or scheme of the statute that "gives any indication, 'much less provide[s] clear evidence, that the [one motion] provision was meant to carry jurisdictional consequences.'" Avila-Santoyo, — F.3d at —, No. 11-14941, slip op. at 7 (citing Henderson v. Shinseki, 131 S. Ct. 1197, 1204 (2011)).  Because both the time and numerical limitations on motions to reopen removal proceedings are non-jurisdictional and subject to equitable tolling, the BIA erred in denying Ruiz-Turcios's motion to reopen without considering whether he is entitled to equitable tolling.

Thus, we remand this matter to the BIA to decide in the first instance whether Ruiz-Turcios is entitled to equitable tolling and, if so, whether he then is entitled to reopening on the merits of his ineffective assistance of counsel claim.[3] In doing so, we note that eligibility for equitable tolling is a threshold showing that must be made before the merits of the claim or claims underlying a motion to reopen can be considered.  Additionally, equitable tolling generally requires a

---

Justice to limit the timing and number of motions to reopen convinces us that these limitations were intended to be jurisdictional and therefore not subject to equitable tolling.").

[3] Although the BIA also stated that Ruiz-Turcios did not comply with the requirements of Matter of Lozada, 19 I & N 637, 639 (BIA 1988), which governs ineffective assistance of counsel claims in removal proceedings, we consider this portion of its order merely advisory given the BIA's conclusion that it lacked jurisdiction to address the merits of Ruiz-Turcios's motion to reopen.  See e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (internal quotation marks omitted).

litigant to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  While the facts underlying Ruiz-Turcios's assertion that he received ineffective assistance of counsel may serve both as a basis for equitable tolling and for the merits of his motion to reopen, the standards for establishing equitable tolling and ineffective assistance of counsel are distinct.

Accordingly, we hereby GRANT Ruiz-Turcios's petition, VACATE the BIA's order denying reopening, and REMAND to the BIA to consider whether to grant Ruiz-Turcios's request for equitable tolling.

**PETITION GRANTED in part, VACATED and REMANDED.**